## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>RUSSELL GORDON MASCOTO,<br><br>Defendant - Appellant. | No. 04-10002<br>D.C. No. CR-00-00379-HG<br><br>**JUDGMENT** |

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 1 7 2004

at \_\_1\_ o'clock and \_18\_ min. P M
WALTER A.Y.H. CHINN, CLERK

Appeal from the United States District Court for the District of Hawaii (Honolulu).

On consideration whereof, it is now here ordered and adjudged by this Court, that the appeal in this cause be, and hereby is **DISMISSED**.

Filed and entered Tuesday, November 23, 2004



A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

DEC 15 2004

by: _____
Deputy Clerk

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED
NOV 2 3 2004
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

RECEIVED
CLERK, U.S. DISTRICT COURT
DEC 1 7 2004
DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>RUSSELL GORDON MASCOTO,<br><br>Defendant - Appellant. | No. 04-10002<br><br>D.C. No. CR-00-00379-HG<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Helen Gillmor, District Judge, Presiding

Submitted November 2, 2004**
Honolulu, Hawaii

Before: BEEZER, GRABER, and BYBEE, Circuit Judges.

Defendant Russell Gordon Mascoto appeals the sentence that he received for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), after pleading guilty.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

** This panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Defendant entered into a plea agreement in which he admitted that he possessed 226 grams of pure methamphetamine, stated that he understood the penalty included a prison term of 10 years to life, and "knowingly waive[d]" his right to appeal any sentence within the statutory maximum "on any ground whatever, in exchange for the concessions made by the prosecution." He preserved, however, the right to file a later habeas petition for ineffective assistance of counsel and the right to appeal any upward departure under the federal sentencing guidelines.

After ascertaining that the plea was knowing and voluntary, the district court sentenced Defendant to 87 months' imprisonment, applying no upward departure. The government appealed on the ground that a 10-year mandatory minimum applied under 21 U.S.C. § 841(b)(1)(A) because the amount of methamphetamine was over 50 grams. In a previous memorandum disposition, we agreed; we vacated the sentence and remanded for resentencing. United States v. Mascoto, 53 Fed. Appx. 416 (9th Cir. 2002).

At resentencing Defendant argued that he possessed a methamphetamine mixture rather than the drug in its pure form and that, therefore, he was subject to only a 5-year mandatory minimum under 21 U.S.C. § 841(b)(1)(B). Defendant had learned from a lab test that the controlled substance in his possession was not

2

pure methamphetamine. Rather, it was a mixture weighing 231.7 grams with a purity level of 72 percent. Thus, the weight of the extracted "pure" methamphetamine was 166.8 grams. See United States v. Asuncion, 973 F.2d 769, 773 (9th Cir. 1992) (holding that § 841 allows "pure" methamphetamine to be extracted from a mixture for sentencing purposes). The district court rejected Defendant's argument that the waiver of his right to appeal was not "knowing" because of Defendant's earlier erroneous belief that he possessed 226 grams of pure methamphetamine. This time the court sentenced Defendant to 120 months' imprisonment, again with no upward departure.

On de novo review, United States v. Nunez, 223 F.3d 956, 958 (9th Cir. 2000), we conclude that Defendant waived his statutory right of appeal. Our precedents establish that a knowing and voluntary waiver of the right to appeal, contained in a plea agreement, bars a defendant's attempt to appeal a conviction or sentence even in the light of an intervening change in the law, or of newly discovered evidence. See United States v. Johnson, 67 F.3d 200, 202 (9th Cir. 1995) (rejecting argument that waiver could not encompass appeal of alleged sentencing error premised on a law not yet enacted at time of waiver); United States v. Abarca, 985 F.2d 1012, 1013 (9th Cir. 1993) (dismissing appeal where right was waived in plea agreement, despite newly discovered exculpatory

3

evidence regarding the extent of involvement in crimes of conviction).

Defendant's waiver was knowing and voluntary at the time it was made. There was no upward departure that would trigger the exception to his waiver.

Appeal DISMISSED.

```
INTERNAL USE ONLY: Proceedings include all events.
04-10002 USA v. Mascoto

UNITED STATES OF AMERICA            Thomas C. Muehleck, AUSA
     Plaintiff - Appellee           808/541-2850
                                    Suite 6-100
                                    [COR LD NTC aus]
                                    USH - OFFICE OF THE U.S.
                                    ATTORNEY
                                    PJKK Federal Building
                                    300 Ala Moana Blvd.
                                    P.O. Box 50183
                                    Honolulu, HI 96850

     v.

RUSSELL GORDON MASCOTO              Rustam Barbee, Esq.
     Defendant - Appellant          FAX   808
                                    808-524-4406
                                    Suite 1310
                                    [COR LD NTC cja]
                                    1188 Bishop Street
                                    Honolulu, HI 96813
```