IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RUSSELL GORDON MASCOTO, | ) | CIV. NO. 05-00748 HG-LEK |
| | ) | CR. NO.  00-00379 HG |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**UNITED STATES' RESPONSE TO MOTION UNDER
28 U.S.C. § 2255 TO VACATE, SET ASIDE OR
CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

**EXHIBITS A - F**

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES**

EDWARD H. KUBO, JR. 2499
United States Attorney
District of Hawaii

THOMAS MUEHLECK    3591
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone:  541-2850
Facsimile:  541-2958
Tom.Muehleck@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Table of Contents

Page(s)

Table of Authorities  . . . . . . . . . . . . . . . . . .  i-ii

I.    FACTUAL BACKGROUND  . . . . . . . . . . . . . . . . .  1

II.   ARGUMENT  . . . . . . . . . . . . . . . . . . . . . .  3

      A.  Ineffective Assistance of Counsel Allegations . . . .  4

      B.  Ameline/Booker Allegation . . . . . . . . . . .  12

III.  CONCLUSION  . . . . . . . . . . . . . . . . . . .  16

Table of Authorities

Cases                                                            Page(s)

Shah v. United States,
    878 F.2d 1156 (9th Cir.),
    cert. denied, 493 U.S. 869 (1989) . . . . . . . . . . . 15

Shraiar v. United States,
    736 F.2d 817 (1st Cir. 1984) . . . . . . . . . . . . . 15

Strickland v. Washington,
    466 U.S. 668 (1984) . . . . . . . . . . . . . . . . 10, 11

United States v. Abarca,
    985 F.2d 1012 (9th Cir. 1993) . . . . . . . . . . . . . 8

United States v. Alfeche,
    942 F.2d 697 (9th Cir. 1991) . . . . . . . . . . . . 9, 11

United States v. Asuncion,
    973 F.2d 769 (9th Cir. 1992) . . . . . . . . . . . . 9, 11

United States v. Buckland,
    259 F.3d 1157 (9th Cir. 2001) . . . . . . . . . . . . 1, 2

United States v. Cardenas,
    67 F.3d 1048 (9th Cir. 2005) . . . . . . . . . . . . 13, 14

United States v. Johnson,
    67 F.3d 200 (9th Cir. 1995) . . . . . . . . . . . . . . 8

United States v. Quan,
    789 F.2d 711 (9th Cir.),
    cert. denied, 478 U.S. 1044 (1986) . . . . . . . . . . 15

United States v. Rusher,
    966 F.2d 868 (4th Cir. 1992),
    cert. denied., 506 U.S. 926 (1992) . . . . . . . . 10, 11

United States v. Schaflander,
    743 F.2d 714 (9th Cir. 1984) . . . . . . . . . . . . 14, 15

United States v. Stoner,
    927 F.2d 45 (1st Cir. 1991),
    cert. denied, 502 U.S. 840 (1991) . . . . . . . . . . . 11

i

<u>Rules and Statutes</u>                                      <u>Page(s)</u>

21 U.S.C. § 841(a)(1) . . . . . . . . . . . . . . . . . . . . 1

21 U.S.C. § 841(b)(1)(A) . . . . . . . . . . . . . . . . 1, 2

21 U.S.C. § 841(b)(1)(B)(viii) . . . . . . . . . . . . . . 4

28 U.S.C. § 2255 . . . . . . . . . . . . . . . . . 1, 3, 14

UNITED STATES' RESPONSE TO MOTION
UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR
CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

The United States of America ("United States"), by the
undersigned attorney, hereby responds to Russell Gordon Mascoto's
("Mascoto") motion to vacate, set aside or correct sentence under
28 U.S.C. § 2255.

I.  FACTUAL BACKGROUND

On September 14, 2000, a one count indictment was filed
in the United States District Court, District of Hawaii, charging
Mascoto with knowingly and intentionally possessing with intent
to distribute a quantity of crystal methamphetamine - "ice," in
excess of 50 grams, a Schedule II controlled substance, in
violation of 21 U.S.C. § 841(a)(1).

On October 4, 2000, a Memorandum of Plea Agreement
("Plea Agreement") was filed in the United States District Court,
District of Hawaii, and was signed by Mascoto, his attorney Myles
Breiner ("Breiner"), Elliot Enoki (First Assistant U.S. Attorney)
and the undersigned attorney.  In this memorandum, Mascoto pled
guilty to the exact charges in the indictment and specifically
acknowledged possessing approximately eight ounces, or
approximately 226 grams, of crystal methamphetamine.  (A copy of
the Plea Agreement is attached hereto as Exhibit A).

On September 7, 2001, at the sentencing hearing, this
Court found that 21 U.S.C. § 841(b)(1)(A) was unconstitutional
based on the panel decision in United States v. Buckland, 259

F.3d 1157 (9th Cir. 2001); and thus, refused to impose the
mandatory minimum ten years of imprisonment, which Mascoto was
exposed to under 21 U.S.C. § 841(b)(1)(A).  Over the United
States' objection, this Court sentenced Mascoto to 87 months
imprisonment.  The judgment was entered on October 29, 2001.

On November 2, 2001, the United States filed a Notice
of Appeal.

On December 9, 2002, an unpublished decision by a panel
of the United States Court of Appeals for the Ninth Circuit was
filed.  In the decision, the panel vacated and remanded for re-
sentencing based upon the then recent en banc decision in United
States v. Buckland, 289 F.3d 558, 565-66 (9th Cir. 2002)(en
banc), which reversed the panel decision in United States v.
Buckland, 259 F.3d 1157 (9th Cir. 2001), which this Court relied
on in declining to impose the ten year mandatory minimum sentence
as required under 21 U.S.C. § 841(b)(1)(A).

On December 8, 2003, this Court re-sentenced Mascoto to
the mandatory minimum sentence of 120 months imprisonment.  In
doing so, however, this Court granted Mascoto's downward
departure from the Guideline range of 135 to 168 months.

On December 19, 2003, Mascoto filed a Notice of Appeal
appealing his sentence.

On November 23, 2004, an unpublished decision by a
panel of the United States Court of Appeals for the Ninth Circuit

2

was filed.  In the decision, the panel concluded that Mascoto knowingly and voluntarily waived his statutory right of appeal, and there was no upward departure that would trigger the exception to his waiver.  Therefore, the panel dismissed Mascoto's appeal.

On December 5, 2005, Mascoto filed a Motion to Vacate, Set Aside or Correct Sentence By a Person in Federal Custody Pursuant to 28 U.S.C. § 2255.  (A copy of Mascoto's 2255 is attached hereto as Exhibit B).

II.  <u>ARGUMENT</u>

A district court may grant relief under § 2255 if it determines that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."  28 U.S.C. § 2255.

Mascoto raises two grounds in his § 2255 motion:

(1)  That he was denied effective assistance of counsel because he was "misrepresented" into pleading to a "faulty" plea agreement; and

(2)  That "new rulings" in the Ninth Circuit would allow the sentencing judge to "rule differently."

(Exhibit B at p. 5-7).

3

For the reasons set forth below, Mascoto's § 2255 motion fails to state a claim upon which relief can be granted.

A.    <u>Ineffective Assistance of Counsel Allegations</u>

In Ground One of his § 2255 motion, Mascoto claims that he was denied effective assistance of counsel because his counsel "misrepresented" him into pleading guilty to the charges in the indictment instead of pleading to a lesser charge. (Exhibit B at p. 5). Specifically, Mascoto alleges that he should have pled guilty under 21 U.S.C. § 841(b)(1)(B)(viii), which carries a mandatory minimum of 5 years of imprisonment, instead of 21 U.S.C. § 841(b)(1)(A)(viii), which requires a mandatory minimum of 10 years of imprisonment. (Exhibit B at p. 5). However, there is absolutely no evidence in the record that shows Mascoto was coerced or forced into signing his plea agreement by his counsel. The evidence in the record shows that Mascoto freely and voluntarily entered into the plea agreement.

On October 4, 2000, at the change of plea hearing, this Court carefully examined and questioned Mascoto to determine whether his guilty plea was knowing and voluntary. (A copy of the October 4, 2000 plea hearing transcript is attached hereto as Exhibit C). Also, this Court orally recited the possible statutory minimum and maximum penalties Mascoto was subjected to by pleading guilty to the charges. (Exhibit C at p. 10-11).

After this Court recited the charges in the indictment, the following colloquy took place:

THE COURT:      Do you understand that there is a mandatory minimum term of ten years for this charge?

MR. MASCOTO:    Yes, Your Honor...

THE COURT:      The court finds the defendant understands the nature of the charge to which the plea is being entered, the mandatory minimum term of ten years, and the maximum possible penalties provided by law.

THE COURT:      Now, Mr. Mascoto, has anyone threatened you or anyone else, or forced you in any way to plead guilty?

MR. MASCOTO:    No, Your Honor.

(Exhibit C at p. 10-11).

This Court then asked the United States to describe the essential terms of the plea agreement. After the United States summarized the major provisions of the plea agreement, the following exchange occurred:

THE COURT:      ...Mr. Breiner [Mascoto's counsel], do you believe that the essential terms of the plea agreement have been correctly stated?

MR. BREINER:    Yes, I do, Your Honor.

THE COURT:      Mr. Breiner, have you discussed the plea agreement with your client?

MR. BREINER:    I have, yes.

THE COURT:      Do you believe that he understands it?

MR. BREINER:    Yes, I do, Your Honor.

THE COURT:      And are you in agreement with its terms?

5

MR. BREINER:       I am.

THE COURT:         Now, Mr. Breiner, if you have it there, would
                   you indicate your signature, and have your
                   client identify his signature?

MR. BREINER:       Thank you, Your Honor.  Your Honor, I have
                   the original memorandum of plea agreement in
                   front of me.  It is my original signature.  I
                   witnessed Mr. Mascoto signing his original
                   signature above mine.

THE COURT:         Mr. Mascoto, is that your signature,
                   indicating your agreement to the plea
                   agreement?

MR. MASCOTO:       Yes, Your Honor...

THE COURT:         Now, Mr. Mascoto, has anyone attempted in any
                   way to force you to plead guilty?

MR. MASCOTO:       No, Your Honor.

THE COURT:         Are you pleading guilty on your own free
                   will, because you are guilty?

MR. MASCOTO:       Yes, Your Honor.

(Exhibit C at p. 13-15).

        This Court asked Mascoto what he did to make him guilty

of the charge in the indictment.

THE COURT:         Now, Mr. Mascoto, what did you do that makes
                   you guilty of this charge?

MR. MASCOTO:       I held crystal meth...I had crystal meth, for
                   distribution...

THE COURT:         Okay.  And you had how much ice in your home
                   on that date?

MR. MASCOTO:       Approximately 226 grams.

(Exhibit C at p. 17-18).

After a thorough examination of all of the facts gathered at the hearing, this Court found that Mascoto was fully competent and capable of entering an informed plea; that his plea of guilty was a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense; and that his plea was accepted and he was adjudged guilty of that offense. (Exhibit C at p. 18-19).

In paragraph 8 of the Plea Agreement filed on October 4, 2000, Mascoto admits that he possessed approximately eight ounces, or approximately 226 grams of crystal methamphetamine on September 7, 2000. (Exhibit A at p. 3). Mascoto also acknowledged in Paragraph 7 of this agreement that he understood that the term of imprisonment for the charge he was pleading guilty to was not less than 10 years. (Exhibit A at p. 2).

Therefore, Mascoto admitted to possessing more than 50 grams of crystal methamphetamine and acknowledging that he understood that his guilty plea was subjected to not less than 10 years imprisonment at the change of plea hearing and in the Plea Agreement.

There is absolutely no evidence that Mascoto was forced or coerced into entering his guilty plea at the hearing or in the Plea Agreement.

Mascoto unsuccessfully raised the issue of not knowingly and voluntarily consenting to the terms of his plea

7

agreement on appeal to the Ninth Circuit.  Mascoto asked the
Ninth Circuit to review whether he knowingly and voluntarily
waived the right to appeal his sentence.  In a three panel
decision, the Ninth Circuit concluded that Mascoto waived his
statutory right of appeal.  (A copy of the Ninth Circuit's
decision filed on November 23, 2004 is attached hereto as Exhibit
D).  The panel stated, [o]ur precedents establish that a knowing
and voluntary waiver of the right to appeal, contained in the
plea agreement, bars a defendant's attempt to appeal a conviction
or sentence even in the light of an intervening change in the
law, or of newly discovered evidence.  (Exhibit D at p. 3, citing
United States v. Johnson, 67 F.3d 200, 202 (9th Cir. 1995) and
United States v. Abarca, 985 F.2d 1012, 1013 (9th Cir. 1993)).

     A laboratory analysis revealed that the substance
Mascoto possessed had a net weight of 231.7 grams and contained
d-methamphetamine hydrochloride at a purity of 72%.  The analysis
also showed that the amount of 100% pure d-methamphetamine
hydrochloride was 166.8 grams.

     After discovering the results of this laboratory
analysis, Mascoto attempted to withdraw his guilty plea because
he insisted that the substance he possessed with not crystal
methamphetamine or "ice", but rather a mixture containing less
than 80% d-methamphetamine hydrochloride.  Mascoto argued that
his guilty plea was not knowing and voluntary because he was

8

unaware at the time of his plea that the indictment and his Plea
Agreement erroneously alleged possession of a drug type different
from the type of drug that he actually possessed.  This Court and
the Ninth Circuit rejected this argument.

At the re-sentencing hearing on December 8, 2003, this
Court stated, "Well, I understand and appreciate that at the time
of the original sentencing everyone was unclear...[b]ut Mr.
Muehleck's [Assistant United States Attorney] point is, it
doesn't make any difference.  And, unfortunately, I think that is
the case law.  I don't see how to get around that."  (A copy of
the December 8, 2003 sentencing hearing transcript is attached
hereto as Exhibit E).

Even Mascoto's appellate counsel acknowledged in his
opening appellate brief that the Ninth Circuit rejected this same
argument.  (A copy of Mascoto's Opening Brief is attached hereto
as Exhibit F).  Mascoto's appellate counsel stated, "In making
this argument, however, Mascoto notes that certain published
cases in the Ninth Circuit have rejected similar arguments made
by defendants in the past."  (Exhibit F at p. 13).  Mascoto's
appellate counsel noted that the following cases have all
rejected similar arguments: United States v. Alfeche, 942 F.2d
697, 698-99 (9th Cir. 1991)(119.6 grams of pure methamphetamine
contained within 121.9 grams of mixture satisfied the former 100
gram limit for 10 year mandatory minimum sentence); United States

v. Asuncion, 973 F.2d 769, 773 (9th Cir. 1992)("pure"
methamphetamine may be extracted from a methamphetamine mixture
for mandatory minimum sentence determination); and United States
v. Rusher, 966 F.2d 868, 879 (4th Cir. 1992), cert. denied., 506
U.S. 926, 113 S.Ct. 351 (1992)(former 10 gram limit for
methamphetamine was satisfied by possession of 72 grams of 86%
pure methamphetamine).  (Exhibit F at p. 13-14).

Mascoto's ineffective assistance of counsel should be
rejected because there is absolutely no evidence that Mascoto's
counsel ever "misrepresented" Mascoto into pleading guilty to the
indictment or signing the Plea Agreement.  There is no evidence
that Mascoto's counsel knew about the laboratory analysis prior
to advising Mascoto to plead guilty to the charge.  There is
absolutely no evidence that Mascoto was coerced or forced into
pleading guilty.  The evidence shows that his guilty plea was
knowing and voluntary.

The Supreme Court in Strickland v. Washington, 466 U.S.
668 (1984), set forth a two prong test for determining whether a
criminal defendant received ineffective assistance of counsel.
In order for a criminal defendant's sentence to be overturned
based on ineffective assistance of counsel, the defendant must
prove:  (1) the performance of counsel was so deficient that he
or she was not functioning as "counsel" as guaranteed under the
Sixth Amendment; and (2) that the deficient performance

10

prejudiced the defendant by depriving him of a fair trial.  Id. at 691-92.  In determining whether counsel's performance was deficient, an objective standard of reasonableness is applied, indulging a strong presumption that a counsel's conduct "falls within the wide range of reasonable professional assistance." Id. at 689.  To be prejudicial, a reasonable probability must exist that, but for counsel's conduct, the result of the trial would have been different.  Id. at 694.

Mascoto cannot prove either of the two prongs under Strickland.  There is absolutely no evidence that Mascoto's counsel's performance fell below an objective standard of reasonableness under prevailing norms.

Moreover, Mascoto was not prejudiced because the laboratory analysis did not make any difference in determining Mascoto's sentence.  The Ninth Circuit and other appellate courts have rejected identical arguments.  See United States v. Alfeche, supra; United States v. Asuncion supra; United States v. Rusher, supra; and United States v. Stoner, 927 F.2d 45, 46 (1st Cir. 1991), cert. denied, 502 U.S. 840 (1991).  Mascoto would still be subjected to the 10 year mandatory minimum sentence.

As the Strickland court stated:  "Judicial scrutiny of counsel's performance must be highly deferential.  It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence ... ."  Strickland at 689.

11

B.   Ameline/Booker Allegation

In Ground Two of his 2255 motion, Mascoto seems to be challenging his conviction and sentence based on an Ameline/Booker argument.   (Exhibit B at p. 6-7).

However, in the Plea Agreement, Mascoto waived all § 2255 challenges except for upward departures and claims of ineffective assistance of counsel.

Paragraph 11 of the Memorandum of Plea Agreement provides in relevant part:

a.   **The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255**, except that the defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

b.   If the Court in imposing sentence departs (as that term is used in Part K of the Sentencing Guidelines) upward from the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the upward departure portion of his sentence and the manner in which that portion was determined under section 3742 and to challenge that portion of his sentence in a collateral attack.

(Exhibit A at p. 4-5)(emphasis added).

This waiver was also orally recited at the plea hearing on October 4, 2000 in front of this Court.  This Court asked the United States to describe the essential terms of the plea

12

agreement.  The following is the United States' recitation, in
relevant part:

> MR. MUEHLECK:  ...The defendant agrees to waive his
> appellate rights, that is, he agrees to give
> up his right to challenge the way the
> sentence is computed, the way the sentence
> guidelines are determined.  The defendant
> only agrees, or only keeps his right to
> challenge the sentence based upon
> incompetence of counsel, or if the court
> departs above the sentencing guidelines
> range, then the defendant reserves his right
> to challenge the sentence based upon that.
> ***In all other regards, including a collateral
> attack under Section 2255, the defendant
> gives up, or waives, his right to appeal the
> sentence...***

(Exhibit C at p. 12-13)(emphasis added).

Although Mascoto entered into his Plea Agreement before
Booker was decided, his waiver of appeal is still enforceable.
The Ninth Circuit has held that Booker has no effect on the
sentence of a defendant who has validly waived his right to
appeal because "a change in the law does not make a plea
involuntary and unknowing." United States v. Cardenas, 67 F.3d
1048 (9th Cir. 2005).  Likewise, in United States v. Cortez-
Arias, the Ninth Circuit held that [an] express and generally
unrestricted waiver of appeal rights forecloses the objections
now asserted by [a defendant] pursuant to Booker or Ameline."
403 F.3d 1111, 1114 n.8 (9th Cir. 2005), as amended, 425 F.3d 547
(9th Cir. 2005).

13

This Court did not depart upward from the Guideline range in sentencing Mascoto so the exception in Paragraph 11(b) of the Plea Agreement does not apply. Mascoto's applicable Sentencing Guideline range was 135 to 168 months given his criminal history category and offense level. In fact, this Court actually departed downward from the guideline range, over the objection of the United States, to 120 months, the statutory mandatory minimum.

Therefore, not only did Mascoto waive his right to appeal or to collaterally attack this issue in a 2255 motion, but there are no potential Ameline or Booker issues present. In Cardenas, the Ninth Circuit stated that "Booker does not bear on mandatory minimums." United States v. Cardenas, 405 F.3d at 1048.

Section 2255 provides that a court shall hold an evidentiary hearing on a prisoner's § 2255 motion "unless the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Ninth Circuit has held, however, that the standard for an evidentiary hearing is whether the prisoner has made specific factual allegations, which if true, state a claim on which relief can be granted. United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984), cert. denied, 470 U.S. 1058 (1985). Mere conclusory statements are insufficient to require a hearing. Id. at 721.

14

The allegations of the prisoner need not be accepted as true to the extent they are contradicted by the record in the case.  United States v. Quan, 789 F.2d 711, 715 (9th Cir.), cert. denied, 478 U.S. 1044 (1986); Shraiar v. United States, 736 F.2d 817, 818 (1st Cir. 1984).  In addition, no hearing is required where the movant's allegations, when viewed against the records, either fail to state a claim for relief or are so palpably incredible as to warrant summary dismissal.  Shah v. United States, 878 F.2d 1156, 1158 (9th Cir.), cert. denied, 493 U.S. 869 (1989); United States v. Schaflander, supra.; United States v. Quan, supra.

In the instant case, Mascoto has utterly failed to make a prima facie case for any of his § 2255 claims as he has not articulated in any way how counsel's performance was deficient and how his counsel's alleged deficient representation prejudiced him.  Moreover, his Ameline/Booker argument fails to state a claim upon which relief can be granted because Mascoto waived his right to appeal this issue in his Plea Agreement; and alternatively, there are no potential Ameline/Booker issues present because there were no sentence enhancements and Mascoto was subjected to a statutory mandatory minimum sentence, which he received.

15

III.   <u>CONCLUSION</u>

　　　　The allegations in Mascoto's § 2255 motion do not state a claim upon which relief can be granted.

　　　　For the foregoing reasons, the United States requests that Mascoto's § 2255 motion be denied without an evidentiary hearing.

　　　　Since Mascoto's § 2255 motion is without merit and should be denied summarily without an evidentiary hearing, Mascoto's request to vacate and remand his sentence should likewise be denied.

　　　　DATED: January 30, 2006, at Honolulu, Hawaii.

                              EDWARD H. KUBO, JR.
                              United States Attorney
                              District of Hawaii


                              By <u>/s/ Thomas Muehleck</u>
                                 THOMAS MUEHLECK
                                 Assistant U.S. Attorney

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at his last known address:

Served by First Class Mail:

    Mr. Russell Gordon Mascoto     January 30, 2006
    USM No. 87887-022
    USP Lompoc
    3901 Klein Blvd.
    Lompoc, CA 93436


                          /s/ Rowena N. Kang

17