1                IN THE UNITED STATES DISTRICT COURT

2                     FOR THE DISTRICT OF HAWAII

3

4    UNITED STATES OF AMERICA,        ) CRIMINAL NO. 00-00379HG
                                       )
5                    Plaintiff,        )
                                       )
6         vs.                          )
                                       )
7    RUSSELL GORDON MASCOTO,           )
                                       )
8                    Defendant.        )
     _____   )

9

10                   TRANSCRIPT OF PROCEEDINGS

11          The above-entitled matter came on for hearing on

12   Wednesday, October 4, 2000, at 10:43 a.m., at Honolulu, HI,

13   BEFORE:        THE HONORABLE HELEN GILLMOR
                    United States District Judge
14                  District of Hawaii

15   REPORTED BY:   STEPHEN B. PLATT, RMR, CRR
                    Official U. S. District Court Reporter
16                  District of Hawaii

17   APPEARANCES:   THOMAS C. MUEHLECK, ESQ.
                    LORETTA A. SHEEHAN, ESQ.
18                  U.S. Attorney's Office
                    300 Ala Moana Boulevard
19                  PJKK Fed. Bldg., Ste. 6100
                    Honolulu, Hawaii   96813
20
                                    Attorneys for the Government
21
                    MYLES S. BREINER, ESQ.
22                  345 Queen Street, Floor 2
                    Honolulu, Hawaii   96813
23
                                    Attorney for the Defendant
24

25



EXHIBIT
C

```
1    WEDNESDAY, OCTOBER 4, 2000                          10:43 A.M.
2                            -ooOoo-
3            THE CLERK:  Criminal Number 00-379, the United
4    States of America versus Russell Gordon Mascoto.  This case
5    is called on defendant's motion for withdrawal of not guilty
6    plea and to plead anew.
7            MR. MUEHLECK:  Good morning, Your Honor.
8            Tom Muehleck and Loretta Sheehan for the United
9    States.
10           THE COURT:  Good morning.
11           MR. BREINER:  Good morning, Your Honor.
12           Myles Breiner on behalf of Russell Gordon Mascoto.
13           THE COURT:  Good morning.
14           MR. BREINER:  Do you want us to approach the
15   podium?
16           THE COURT:  If you would, Mr. Breiner.
17           Mr. Mascoto, if you would join Mr. Breiner.
18           (The defendant complied.)
19           THE COURT:  Now, Mr. Mascoto, I am told that you
20   want to enter a guilty plea at this time; is that right?
21           THE DEFENDANT:  Yes, Your Honor.
22           THE COURT:  Before I accept your guilty plea, there
23   are a number of questions that I want to ask you to make
24   certain that this is a valid and voluntary plea.  If you
25   don't understand my questions, or if you just have something
```

1  that you want to talk about with your attorney, let me know;

2  it's important that you understand each question before you

3  answer.

4          Mr. Hisashima, would you please swear the

5  defendant.

6          THE CLERK:  All right, Your Honor.

7          Mr. Mascoto, you do solemnly swear that the answers

8  you will give in response to the court's questions shall be

9  the truth, the whole truth, and nothing but the truth, so

10  help you God?

11          THE DEFENDANT:  Yes.

12                          EXAMINATION

13  BY THE COURT:

14  Q.   Now, Mr. Mascoto, do you understand you are now under

15  oath, and if you answer any of my questions falsely, your

16  answers may later be used against you in another prosecution

17  for perjury, or for making a false statement?

18  A.   Yes, Your Honor.

19  Q.   Now, what is your full legal name?

20  A.   Russell Gordon Mascoto, Junior.

21  Q.   So it's "Gordon," is your middle name, and you are a

22  "junior"?

23  A.   Yes, Your Honor.

24  Q.   How old are you?

25  A.   20.

1    Q.    How far did you go in school?

2    A.    I graduated.

3    Q.    Where did you graduate from?

4    A.    Kailua High School.

5    Q.    And what's the last job that you had?

6    A.    Asbestos abatement.

7    Q.    When was that?

8    A.    Six months ago.

9    Q.    And how long did you work there?

10   A.    Three months.

11   Q.    And did you have another job before that?

12   A.    Yes.

13   Q.    What was that?

14   A.    I was a laborer for a construction company.

15   Q.    And how long did you work there?

16   A.    For a very short while.

17   Q.    Have you ever been treated for any mental illness or

18   addiction to alcohol or narcotic drugs of any kind?

19   A.    No.

20   Q.    Have you taken any drugs, medicines or pills, or drunk

21   any alcoholic beverage in the past 24 hours?

22   A.    No.

23   Q.    Can you tell me, briefly, what's happening here today?

24   A.    I am changing my plea.

25          THE COURT:   The court finds the defendant is

1    competent to understand the proceedings, and to enter a

2    knowing plea.

3    BY THE COURT:

4    Q.   Have you had enough time to talk about your case with

5    your attorney?

6    A.   Yes, Your Honor.

7    Q.   Are you satisfied with your attorney's representation of

8    you?

9    A.   Yes.

10   Q.   Do you understand that, under the constitution and laws

11   of the United States, you are entitled to a trial by a jury

12   on the charges contained in the indictment?

13   A.   Yes, Your Honor.

14   Q.   Do you understand that, at a trial, you would be

15   presumed innocent, and the government would have the burden

16   of proving you guilty?

17   A.   Yes, Your Honor.

18   Q.   Do you understand that the government could only prevail

19   if they proved you guilty beyond a reasonable doubt, with the

20   use of competent evidence?

21   A.   Yes.

22   Q.   Do you understand that you would not have to prove you

23   were innocent, but the government would have to prove you

24   guilty?

25   A.   Yes.

1  **Q.**    Do you understand that you would have the right to be
2  assisted by an attorney for your defense?

3  **A.**    Yes.

4  **Q.**    Do you understand that you have the right to see and
5  hear all of the witnesses, and have them questioned by your
6  attorney?

7  **A.**    Yes.

8  **Q.**    Do you understand that you could object to evidence
9  offered by the government, and you could offer evidence on
10  your own behalf?

11  **A.**    Yes.

12  **Q.**    Do you understand that you have the right to testify, or
13  talk, at your trial, if you wanted to?

14  **A.**    Yes.

15  **Q.**    Do you understand that you also have the right to decide
16  not to testify, and to remain silent at your trial, if you
17  wanted to?

18  **A.**    Yes.

19  **Q.**    Do you understand that, if you chose not to testify at
20  your trial, nobody could make any inference or suggestion of
21  guilt because of the fact that you didn't testify?

22  **A.**    Yes, Your Honor.

23  **Q.**    Do you understand that, by entering a plea of guilty,
24  and if I accept your plea, there will be no trial?

25  **A.**    Yes, Your Honor.

1  **Q.**   Do you understand you will have given up your right to a

2  trial, as well as the other rights we have just been talking

3  about?

4  **A.**   Yes, Your Honor.

5  **Q.**   Do you understand the offense to which you are pleading

6  guilty is a felony offense?

7  **A.**   Yes.

8  **Q.**   Do you understand that conviction of this offense may

9  mean that you lose valuable civil rights, such as the right

10 to vote, the right to hold public office, the right to serve

11 on a jury, and the right to possess any kind of firearm?

12 **A.**   Yes, Your Honor.

13 **Q.**   Are you currently charged with or serving a sentence for

14 a violation of any state law?

15 **A.**   I'm on probation.

16 **Q.**   Okay.

17          MR. BREINER:   That's correct, Your Honor.

18 BY THE COURT:

19 **Q.**   Do you understand that any sentence you receive for the

20 federal charge that you are pleading to today could result in

21 you having consecutive sentences with any sentence you

22 find -- that you are given for the probation violation?

23 **A.**   Yes.

24 **Q.**   Do you understand that means that sentence won't

25 necessarily be served at the same time; they may be served

1  one after the other?

2  **A.**  Yes, Your Honor.

3  **Q.**  Do you understand that you will -- by pleading guilty,

4  you will have waived your right not to incriminate yourself,

5  and I'll ask you questions about what you did, and you'll

6  have to talk about what you did?

7  **A.**  Yes, Your Honor.

8           THE COURT:  The court finds the defendant

9  understands he has the right to a trial by jury, the rules of

10 substance and procedure applicable to such a trial, and his

11 plea will be a waiver of his right to trial, and he is

12 willing to waive his right to trial.

13 BY THE COURT:

14 **Q.**  Now, Mr. Mascoto, we are going to talk about Sentencing

15 Commission guidelines.  The United States law establishes

16 detailed sentencing guidelines which specify sentences for

17 people convicted of federal crimes.  In most cases, I must

18 impose a sentence within the guideline range.  Before I

19 accept your plea of guilty, it's important that you

20 understand certain consequences of these guidelines.   Have

21 you and Mr. Breiner talked about how the Sentencing

22 Commission guidelines might apply in your case?

23 **A.**  Yes, Your Honor.

24 **Q.**  Do you understand that I won't be able to determine what

25 guidelines apply to your case today?

1   **A.**   Yes.

2   **Q.**   Do you understand that we have to wait until after a

3   presentence report has been completed, and you and the

4   government have an opportunity to read it, and to challenge

5   any facts in it that you don't agree with?

6   **A.**   Yes, Your Honor.

7   **Q.**   Do you also understand that, after it has been

8   determined what guidelines apply in a case, the judge has the

9   authority, sometimes, to impose a sentence that is more

10  severe or less severe than that called for by the guidelines?

11  **A.**   Yes, Your Honor.

12  **Q.**   Do you also understand that, under some circumstances,

13  you or the government may have the right to appeal a sentence

14  I impose?

15  **A.**   Yes.

16  **Q.**   Do you also understand that parole has been abolished in

17  the federal system, and if you are sentenced to prison, you

18  won't be released early on parole?

19  **A.**   Yes, Your Honor.

20  **Q.**   Do you understand that, if the sentence is worse than

21  you expect, you will still be bound by your guilty plea, and

22  you won't have a right to withdraw it?

23  **A.**   Yes, Your Honor.

24              THE COURT:   The court finds the defendant

25  understands the requirements of the sentencing guidelines,

```
 1   and the plea of guilty is made in accordance with this

 2   understanding.

 3   BY THE COURT:

 4   Q.   Do you still wish to plead guilty?

 5   A.   Yes.

 6   Q.   Have you received a copy of the indictment naming you?

 7   A.   Yes, Your Honor.

 8   Q.   Have you read it?

 9   A.   Yes, I did.

10   Q.   Discussed it with your attorney?

11   A.   Yes.

12   Q.   The indictment charges that -- and I believe the

13   indictment was filed on September 14th, 2000 -- that on or

14   about September 7th, 2000, in the District of Hawaii, you did

15   knowingly and intentionally possess, with intent to

16   distribute, a quantity of crystal methamphetamine -- "ice" --

17   in excess of 50 grams, a schedule two controlled substance,

18   all in violation of Title 21 United States Code, Section

19   841(a)(1); do you understand that charge?

20   A.   Yes.

21   Q.   Do you understand that there is a mandatory minimum term

22   of ten years for this charge?

23   A.   Yes, Your Honor.

24   Q.   And do you understand that the maximum possible

25   penalties you can receive for this charge is up to life
```

1    imprisonment, a term of supervised release following

2    incarceration, from five years up to life; a fine of up to

3    $4 million; and a $100 special assessment?

4    **A.**    Yes, Your Honor.

5    **Q.**    Do you understand that, if you are sentenced to prison,

6    and found to have violated the terms of supervised release,

7    you can be given additional time in prison for violation of

8    the terms of supervised release?

9    **A.**    Yes, Your Honor.

10            THE COURT:    The court finds the defendant

11    understands the nature of the charge to which the plea is

12    being entered, the mandatory minimum term of ten years, and

13    the maximum possible penalties provided by law.

14    BY THE COURT:

15    **Q.**    Now, Mr. Mascoto, has anyone threatened you or anyone

16    else, or forced you in any way to plead guilty?

17    **A.**    No, Your Honor.

18    **Q.**    Have you entered into a plea agreement between you and

19    your attorney and the government?

20    **A.**    Yes, Your Honor.

21    **Q.**    At this time I am going to ask the government to

22    describe the essential terms of the plea agreement.

23            MR. MUEHLECK:    Your Honor, the essential terms of

24    the plea agreement are that the defendant must plead guilty

25    to the indictment -- that's possession with intent to

```
1    distribute in excess of 50 grams of crystal methamphetamine,
2    "ice"; the defendant agrees to cooperate, as it's a
3    cooperation plea agreement; the defendant agrees to testify
4    for the United States at the grand jury, if called, at a
5    trial, if called; to waive his Fifth Amendment rights at
6    those hearings; the defendant agrees to be debriefed, answer
7    questions by federal agents truthfully -- to give truthful
8    and complete answers to questions asked; the defendant agrees
9    to waive his Fifth Amendment rights as to those questions
10   asked; the defendant understands that, if the plea
11   negotiations break down, or if the court does not accept his
12   plea of guilty, then the defendant's statements given during
13   debriefings, while they may not be used against him in his
14   case-in-chief, at a trial in his case-in-chief against him,
15   the statements he makes during debriefings could be used to
16   develop evidence against him; they could also be used to
17   impeach him or -- on cross-examination, should he take the
18   stand to testify against them -- to testify against the
19   evidence presented by the United States.  The defendant
20   agrees to waive his appellate rights, that is, he agrees to
21   give up his right to challenge the way the sentence is
22   computed, the way the sentence guidelines are determined.
23   The defendant only agrees, or only keeps his right to
24   challenge the sentence based upon incompetence of counsel, or
25   if the court departs above the sentencing guidelines range,
```

1    then the defendant reserves his right to challenge the

2    sentence based upon that.  In all other regards, including a

3    collateral attack under Section 2255, the defendant gives up,

4    or waives, his right to appeal the sentence.  The defendant

5    understands that the United States will advise the court of

6    the matters in aggravation, and also matters in

7    ex-continuation/mitigation.  The defendant understands that,

8    while the plea agreement provides that the United States may

9    file a 5K motion to depart from the sentencing guideline

10   range, that the defendant understands that that decision is

11   totally within the discretion of the United States; that he

12   has no contractual right to expect such a motion; and, even

13   if the United States makes such a motion to the court under

14   5K, under the sentencing guidelines, to depart, the court can

15   decline and not accept such a motion, and the defendant would

16   then be sentenced within the guideline range, and to any

17   mandatory minimum that is applicable.

18          Generally, those are the major provisions of the

19   plea agreement, Your Honor.

20          THE COURT:  Thank you, Mr. Muehleck.

21          Mr. Breiner, do you believe that the essential

22   terms of the plea agreement have been correctly stated?

23          MR. BREINER:  Yes, I do, Your Honor.

24          THE COURT:  Mr. Breiner, have you discussed the

25   plea agreement with your client?

1          MR. BREINER:  I have, yes.

2          THE COURT:  Do you believe that he understands it?

3          MR. BREINER:  Yes, I do, Your Honor.

4          THE COURT:  And are you in agreement with its

5     terms?

6          MR. BREINER:  I am.

7     BY THE COURT:

8     Q.   Now, Mr. Mascoto, have you read the plea agreement?

9     A.   Yes, Your Honor.

10    Q.   Have you talked about it with your attorney?

11    A.   Yes, Your Honor.

12    Q.   Do you understand it?

13    A.   Yes, I do.

14    Q.   Do you agree to its terms?

15    A.   Yes.

16         THE COURT:  Now, Mr. Breiner, if you have it there,

17    would you indicate your signature, and have your client

18    identify his signature?

19         MR. BREINER:  Thank you, Your Honor.  Your Honor, I

20    have the original memorandum of plea agreement in front of

21    me.  It is my original signature.  I witnessed Mr. Mascoto

22    signing his original signature above mine.

23    BY THE COURT:

24    Q.   Mr. Mascoto, is that your signature, indicating your

25    agreement to the plea agreement?

1    **A.**    Yes, Your Honor.

2            THE COURT:  Okay, thank you, Mr. Breiner.  If you

3    would provide it to Mr. Muehleck.

4            MR. MUEHLECK:  Thank you.  Your Honor, I recognize

5    John Peyton's signature, supervisor in the drug section,

6    signing on behalf of first assistant Elliot Enoki, U.S.

7    Attorney's Office, and my signature.

8            THE COURT:  Thank you.

9            And, Mr. Breiner, if you would provide it to

10   Mr. Hisashima.  At this time the court will receive the

11   memorandum of plea agreement and make it part of the record.

12   BY THE COURT:

13   **Q.**    Now, Mr. Mascoto, has anyone attempted in any way to

14   force you to plead guilty?

15   **A.**    No, Your Honor.

16   **Q.**    Are you pleading guilty of your own free will, because

17   you are guilty?

18   **A.**    Yes, Your Honor.

19   **Q.**    Do you understand that any recommendation of a sentence

20   by your attorney, and the attorney for the government, or any

21   agreement for the government to remain silent when your

22   attorney asks for a particular sentence, isn't binding on the

23   court?

24   **A.**    Yes, Your Honor.

25   **Q.**    Do you realize, on the basis of your guilty plea, you

1  can receive up to the maximum term permitted?

2  **A.**  Yes, Your Honor.

3  **Q.**  Do you understand the court is not required to accept

4  any plea agreement, and that I may reject it?

5  **A.**  Yes, Your Honor.

6  **Q.**  Has anyone made any prediction, prophecy or promise to

7  you as to what your sentence will be?

8  **A.**  No.

9  **Q.**  I want to be sure that, in fact, you committed the crime

10  of which you are accused and to which you are prepared to

11  plead guilty.  At this time I am going to ask Mr. Muehleck to

12  explain the facts the government would be prepared to prove

13  at trial, and I ask you to listen carefully, because then I

14  am going to ask you to tell me what you did that makes you

15  guilty of this charge?

16          THE COURT:  Mr. Muehleck?

17          MR. MUEHLECK:  Your Honor, on September 7th of this

18  year, the Federal Bureau of Investigations special agents

19  executed a search warrant at 2608 Nihi Street, the

20  defendant's residence.  The defendant was present at the time

21  the warrant was executed.  During a search of the defendant's

22  residence, a backpack belonging to the defendant was opened

23  and found to contain approximately eight ounces of crystal

24  methamphetamine.  A field test showed it positive for the

25  presence of amphetamine, indicating to the agents that it was

1   crystal methamphetamine, and they recognized it, based upon

2   their experience, to be crystal methamphetamine.

3            That would basically be the evidence if we went to

4   trial, Your Honor.

5            THE COURT:  Thank you.

6            MR. BREINER:  No disagreement, Your Honor.  That is

7   a correct recitation.

8   BY THE COURT:

9   **Q.**   Now, Mr. Mascoto, what did you do that makes you guilty

10  of this charge?

11  **A.**   I held crystal meth.

12  **Q.**   You are going to have to speak up.  The court reporter

13  has to write down everything you are saying, so if you would

14  speak up and tell me what you did...

15  **A.**   I had crystal meth, for distribution.

16  **Q.**   When was that?

17  **A.**   On September 7th.

18  **Q.**   And where did you have it?

19  **A.**   In my home.

20  **Q.**   Where is your home located?

21  **A.**   2608 Nihi Street.

22  **Q.**   What's the street?

23  **A.**   Nihi.

24  **Q.**   Okay.  And where is that located?

25  **A.**   Kalihi Valley.

1  **Q.**   And on this island of Oahu, in the State of Hawaii?

2  **A.**   Yes.

3  **Q.**   Okay.  And you had how much ice in your home on that

4  date?

5  **A.**   Approximately 226 grams.

6          THE COURT:  Okay, the court finds that, based upon

7  the statements made by the defendant under oath to this

8  court, there is a factual basis upon which the defendant may

9  enter his plea.

10  BY THE COURT:

11  **Q.**   How do you plead to the charge?  Guilty or not guilty?

12  **A.**   Guilty, Your Honor.

13          THE COURT:  Since you acknowledge that you are, in

14  fact, guilty as charged, and since you know of your right to

15  a trial, and what the maximum possible punishment is, and

16  since you are voluntarily pleading guilty, the court at this

17  time files the plea agreement but reserves a determination of

18  whether to accept the plea agreement until after an

19  investigation and presentence report have been prepared.

20          It's the finding of the court, in the case of

21  United States versus Mascoto, that the defendant is fully

22  competent and capable of entering an informed plea; that his

23  plea of guilty is a knowing and voluntary plea, supported by

24  an independent basis in fact, containing each of the

25  essential elements of the offense, and his plea is now

1    accepted, and he is now adjudged guilty of that offense.

2              Now, Mr. Mascoto, you are referred to the United

3    States Probation Office for a presentence investigation and

4    report prior to sentencing, to assist the court at

5    sentencing, and I ask you to cooperate with the Probation

6    Office, because that will assist me at sentencing.  And

7    Mr. Breiner may be with you when you speak with the Probation

8    Officer if you wish.  And it's my understanding that that

9    will happen after this hearing -- directly after this

10   hearing.

11             Now, Mr. Hisashima, may we have a sentencing date,

12   please?

13             THE CLERK:  Yes, Your Honor:  On February 20th,

14   2001, at 2:15 p.m.

15             MR. MUEHLECK:  20 February, 2001, 2:15 p.m., thank

16   you.

17             THE COURT:  Okay.  Now, currently, Mr. Mascoto is

18   in custody; are there any motions with respect to that?

19             MR. MUEHLECK:  No.  We would ask that that

20   continue, Your Honor.

21             THE COURT:  Okay.  The court orders that the

22   current conditions with respect to custody remain in effect.

23             Is there anything else that we need to do?

24             MR. BREINER:  No, Your Honor.

25             MR. MUEHLECK:  Not by the government.  Thank you.

1           THE COURT:  Okay, thank you.  We stand in recess.

2           MR. BREINER:  Thank you.

3           THE BAILIFF:  All rise, please.

4           The court stands in recess.

5           (The hearing in the above-entitled

6           cause was concluded at 11:03 a.m.)

7                         -oo0oo-

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1

 2

 3

 4

 5

 6

 7                              -ooOoo-

 8            I, Stephen B. Platt, Official Court Reporter,

 9    United States District Court, District of Hawaii, do hereby

10    certify that the foregoing is a true and correct transcript

11    of proceedings before the Honorable Helen Gillmor, United

12    States District Judge.

13

14

15

16

17

18

19    _____

20    WEDNESDAY, FEBRUARY 13, 2002   STEPHEN B. PLATT, CSR NO. 248

21

22

23

24

25
```