IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) C.A. NO. | 04-10002 |
| | ) | |
| Plaintiff-Appellee, | ) D.C. NO. | 00-00379-HG |
| | ) | (District of Hawaii) |
| vs. | ) | |
| | ) | |
| RUSSELL GORDON MASCOTO, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

---

## DEFENDANT-APPELLANT RUSSELL GORDON MASCOTO'S OPENING BRIEF

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

The Honorable Helen Gillmor
United States District Judge

RUSTAM A. BARBEE
Attorney at Law
1188 Bishop Street, Suite 2606
Honolulu, Hawaii 96813
Telephone:    (808) 524-4406
Facsimile:    (808) 524-4306
Email:    Rustam.Barbee@gte.net

Attorney for Defendant-Appellant
RUSSELL GORDON MASCOTO


EXHIBIT F

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

NATURE OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

BAIL STATUS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

     I.     MASCOTO DID NOT KNOWINGLY AND VOLUNTARILY
          WAIVE HIS APPEAL RIGHTS .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

A.     Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

B.     Discussion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

     II.    THE DISTRICT COURT ERRED IN FINDING THAT THE STATUTES
          REQUIRED IMPOSITION OF A 10 YEAR MINIMUM SENTENCE OF
          IMPRISONMENT WHERE THE DEFENDANT POSSESSED A MIXTURE
          OR SUBSTANCE CONTAINING METHAMPHETAMINE AS OPPOSED
          TO "CRYSTAL METHAMPHETAMINE-ICE" AS ALLEGED IN THE
          INDICTMENT... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

A.     Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

B.     Discussion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

i

CERTIFICATE OF COMPLIANCE

STATEMENT OF RELATED CASES

CERTIFICATE OF SERVICE

## TABLE OF AUTHORITIES

**FEDERAL CASES**                                                    **PAGE(S)**

Anders v. California, 386 U.S. 738 (1967)                                14

Apprendi v. New Jersey, 530 U.S. 466 (2000)                              3

United States v. Alfeche, 942 F.2d 697 (9th Cir. 1991)                  13

United States v. Asuncion, 973 F.2d 769 (9th Cir. 1992)                 13

United States v. Baramdyka, 95 F.3d 840 (9th Cir. 1996)                 7

United States v. Buckland, 259 F.3d 1157 (9th Cir. 2001)                3

United States v. Buckland, 265 F.3d 1085 (9th Cir. 2001)                3

United States v. Buckland, 289 F.3d 558 (9th Cir. 2002)                 3

United States v. Mascoto, CA Nos. 01-10690 and 02-10021
Memorandum Opinion (9th Cir. 12/9/02)                                   3

United States v. Miguel, 111 F.3d 666 (9th Cir. 1997)                   11

United States v. Rusher, 966 F.2d 868 (4th Cir. 1992)                   14

United States v. Shimoda, 334 F.3d 846, 848 (9th Cir. 2003)             7

United States v. Thickstun, 110 F.3d 1394 (9th Cir. 1997)               11

## STATUTES

18 U. S. C. § 3231                                        4

18 U. S. C. § 3742 (a)                                    4

18 U. S. C. § 3742 (a) (1)                                10

21 U. S. C. § 841                                         13

21 U. S. C. § 841 (a)(1)                                  2, 5, 11

21 U. S. C. § 841 (b)(1)(A)                               2

21 U. S. C. § 841 (b)(1)(A)(viii)                         passim

21 U. S. C. § 841 (b)(1)(A)                               2

21 U. S. C. § 841 (b)(1)(B)(viii)                         passim

28 U. S. C. § 1291                                        4

## RULES

Federal Rules of Appellate Procedure, Rule 4(b)          4, 6

U. S. S. G. § 2D1.1 (c), note (C)                         9, 12

U. S. S. G. § 2D1.1(c), note (B)                          13

Ninth Circuit Rule 30-1.8                                 3

## NATURE OF THE CASE

This Appeal is taken from the 10-year sentence of imprisonment imposed upon Defendant-Appellant, Russell Gordon Mascoto on December 8, 2003, by the Honorable Helen Gillmor, District Judge for the United States District Court for the District Of Hawaii. [ER, 72].[1]

## ISSUES PRESENTED

**I.  WHETHER DEFENDANT-APPELLANT KNOWINGLY AND VOLUNTARILY WAIVED THE RIGHT TO APPEAL HIS SENTENCE?**

**II.  WHETHER DEFENDANT'S POSSESSION OF 231 GRAMS OF A SUBSTANCE CONTAINING 72% METHAMPHETAMINE REQUIRED IMPOSITION OF A MANDATORY MINIMUM 10-YEAR PRISON SENTENCE UNDER 21 U.S.C. SECTION 841 (b)(1)(A) WHERE THE INDICTMENT AND WRITTEN PLEA AGREEMENT BOTH MISIDENTIFIED THE CHEMICAL SUBSTANCE AS BEING MORE THAN 50 GRAMS OF CRYSTAL METHAMPHETAMINE -"ICE"?**

---

[1]"ER" refers to the Excerpts of Record filed with the Court simultaneously with the Opening brief.

## STATEMENT OF THE CASE

On September 7, 2000, Defendant-Appellant, Russell Gordon Mascoto was arrested after FBI agents seized a backpack containing methamphetamine from his residence. On September 12, 2000 Mascoto was indicted and charged with one count of possessing with intent to distribute "a quantity of crystal methamphetamine - 'ice' in excess of 50 grams ...in violation of Title 21, United States Code , Section 841 (a) (1).". [ER, 1]. On October 4, 2000, Mascoto entered into a written plea agreement, purportedly waived his appellate rights and pled guilty to the single count indictment. [ER, 3, 6]. On September 7, 2001, the district court sentenced Mascoto to a term of 87-months imprisonment. [ER, 92, docket no. 49].

This is the second appeal taken from the district court's imposition of a sentence in Mr. Mascoto's case. The first appeal was taken by the prosecution after the district court imposed a sentence of 87-months imprisonment at Mascoto's first sentencing hearing held on September 7, 2001. The government appealed Mascoto's first sentence to this Court arguing that the district court was required by statute to impose a minimum 10-year sentence of imprisonment . The first sentence was imposed by the district court at a time when binding Ninth Circuit case law had stricken the mandatory minimum sentences contained in 21 U.S.C. Section 841(b)(1)(A) and (B)

2

as being unconstitutional under <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490, 120 S.Ct. 2348 (2000) in <u>United States v. Buckland</u>, 259 F.3d 1157 (9th Cir. 2001) *reh'g en banc granted and opinion vacated*, <u>United States v. Buckland</u>, 265 F.3d 1085 (9th Cir. 2001). While Mascoto's first appeal was pending, this Court reviewed the three-judge panel opinion in <u>Buckland</u> and decided <u>United States v. Buckland</u>, 289 F.3d 558, 565-66 (9th Cir. 2002) (en banc), *cert. den.*, 535 U.S. 1105, 122 S.Ct. 2314 (2002) holding that the mandatory minimum sentences of 21 U.S.C. section 841 were constitutional after all.    Subsequently, this Court vacated and remanded Mascoto's case for re-sentencing in <u>United States v. Mascoto</u>, CA Nos. 01-10690 and 02-10021, Memorandum Opinion (9th Cir. 12/9/02). [ER, 14].[2]

Prior to the re-sentencing hearing, Mascoto filed written objections to the 10-year mandatory minimum sentence called for in the Presentence Report. [ER, 17].[3] The defendant's written objection's noted that although Mascoto pled guilty to the indictment, the substance he actually possessed was not "crystal methamphetamine-

---

[2]Present counsel was appointed by the district court to represent Mr. Mascoto pursuant to the Criminal Justice Act on July 7, 2003, after the defendant's plea, first sentencing and after issuance of this Court's decision in <u>United States v. Mascoto</u>, CA Nos. 01-10690 and 02-10021, Memorandum Opinion (9th Cir. 12/9/02).

[3]The Presentence Report, hereinafter referred to as "PSR", will be filed under seal with the Court in accordance with Rule 30-1.8 of the Ninth Circuit Rules.

ice" as alleged in the indictment and plea agreement but a mixture containing a detectable amount of methamphetamine. [ER, 18-20]. At the re-sentencing hearing held on December 8, 2003, the district court overruled the defenses objections and re-sentenced Mascoto to a term of 10-years imprisonment. [ER, 60, 72]. On December 19, 2003, Mascoto filed a timely Notice of Appeal pursuant to Rule 4(b) of the Federal Rules of Appellate Procedure. [ER, 78].

## JURISDICTION

The district court had jurisdiction pursuant to 18 U.S.C. § 3231. Mr. Mascoto was re-sentenced on December 8, 2003. On December 19, 2003, Mascoto timely filed a Notice of Appeal pursuant to Rule 4(b) of the Federal Rules of Appellate Procedure. [ER, 78]. This Court has appellate jurisdiction pursuant to 18 U.S.C. § 3742 (a) and 28 U.S.C. § 1291.

## BAIL STATUS

Mr. Mascoto was arrested on September 7, 2000 and has been held in federal custody since the time of his arrest. On December 8, 2003, Mr. Mascoto was sentenced to 10- years imprisonment and is currently serving his term of imprisonment at FCI Dublin, California while awaiting designation to another Bureau of Prisons facility.

4

## STATEMENT OF THE FACTS

On September 7, 2000, Defendant-Appellant, Russell Gordon Mascoto was arrested after FBI agents seized a backpack containing methamphetamine from his residence.   On September 12, 2000 Mascoto was indicted and charged with one count of possessing with intent to distribute "a quantity of crystal methamphetamine - 'ice' in excess of 50 grams ...in violation of Title 21, United States Code , Section 841 (a) (1).".  [ER, 1].     On October 4, 2000, Mascoto entered into a written plea agreement, purportedly waived his appellate rights and pled guilty to the single count indictment.  [ER, 3, 6].  On September 7, 2001, the district court sentenced Mascoto to a term of 87-months imprisonment.  [ER, 92, docket no. 49].   The government appealed Mascoto's sentence to this Court arguing that the district court was required by statute to impose a minimum 10-year sentence of imprisonment.   On December 9, 2002, this Court issued a Memorandum Opinion vacating Mascoto's sentence and remanded the case back to the District Court for re-sentencing. [ER, 14].

Prior to the re-sentencing hearing, Mascoto filed written objections to the 10-year mandatory minimum sentence called for in the Presentence Report.  [ER, 17]. The written objection noted that although Mascoto pled guilty to the indictment, the substance he actually possessed was not "crystal methamphetamine -ice" as alleged in

5

the indictment and plea agreement but a mixture containing a detectable amount of methamphetamine. [ER, 18-20]. Mascoto therefore argued for imposition of a sentence below the 10-year minimum term of imprisonment suggested by the presentence report. [ER, 17-21]. At the re-sentencing hearing held on December 8, 2003, the district court overruled the defenses objections and re-sentenced Mascoto to a term of 10-years imprisonment. [ER, 60, 72]. On December 19, 2003, Mascoto filed a timely Notice of Appeal pursuant to Rule 4(b) of the Federal Rules of Appellate Procedure. [ER, 78].

## SUMMARY OF ARGUMENT

Firstly, Defendant-Appellant Mascoto argues herein that he did not knowingly and voluntarily waive his appellate rights in a written plea agreement because he was unaware at the time of his plea that the indictment and plea agreement erroneously alleged possession of a drug type different from the type of drug which he actually possessed.

Secondly, Defendant-Appellant argues that the district court erred by finding that the statutes required imposition of a minimum 10 year prison sentence. Since the substance possessed by Mascoto was a mixture or substance containing a detectable amount of methamphetamine as opposed to crystal methamphetamine-"ice"

6

as alleged in the indictment and written plea agreement, the district court should have found that the statutes required imposition of a minimum sentence of only 5-years imprisonment.

## ARGUMENT

## I.     MASCOTO DID NOT KNOWINGLY AND VOLUNTARILY WAIVE HIS APPEAL RIGHTS.

### A.     Standard of Review.

Whether an appellant has waived his right to appeal is a question of law reviewed de novo. United States v. Shimoda, 334 F.3d 846, 848 (9th Cir. 2003).

### B.     Discussion

A criminal defendant's waiver of the right to appeal is valid only if was knowingly and voluntarily made. United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996), *cert. den.*, 520 U.S. 1132, 117 S.Ct. 1282 (1997)(Court looks to circumstances surrounding the signing and entry of the plea agreement to determine whether defendant agreed to its terms knowingly and voluntarily).

In the present case, Mascoto entered into a written plea agreement with the government wherein he purportedly waived his right to appeal. Paragraph 11 of the written plea agreement provides:

7

> The Defendant is aware that he has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742 (a). Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined or any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

[ER, 6].

Defendant-Appellant Mascoto did not knowingly enter into the waiver in the present case because he was unaware at the time of signing and entry of his plea agreement that the indictment erroneously misidentified the drug type as "crystal methamphetamine-ice" when in truth, the drug type was a mixture or substance containing a detectable amount of methamphetamine. [ER, 23-24]. Additionally the written plea agreement also misidentified the drug type as "crystal methamphetamine-ice". [ER, 4]. This distinction between drug type is significant because possession of more than 50 grams of " methamphetamine" triggers the statutory minimum 10-year prison sentence provided for at 21 U.S.C. Section 841 (b)(1)(A)(viii). Whereas possession of more than "50 grams or more of a mixture or substance containing a detectable amount of methamphetamine" may require imposition of only a 5-year

8

minimum prison sentence under 21 U.S.C. Section 841 (b)(1)(B)(viii). The term "crystal methamphetamine-ice" is not defined in Title 21, however the term "ice" is defined in the sentencing guidelines as "a mixture or substance containing d-methamphetamine hydrochloride of at least 80% purity.". (U.S.S.G. section 2D1.1 (c), note (C)).

Only well after entering his guilty plea did Mascoto discover for the first time that the chemical substance he possessed was in fact not "crystal methamphetamine-ice" but instead a mixture containing less than 80% d-methamphetamine hydrochloride. The presentence report submitted in February, 2001 stated that the chemical substance possessed by Mascoto contained only 72% pure d-methamphetamine hydrochloride. [PSR, paragraph 12]. Additionally, on August 22, 2001, the government filed a response to Defendant's Motion for Independent Testing and agreed to stipulate that the substance possessed by the defendant was not "ice" but instead 231.7 grams of a mixture containing 72% d-methamphetamine hydrochloride. [ER, 23-24].

Furthermore, although Mascoto ultimately received a 10-year prison sentence, the district court made the following comments regarding the plea agreement at the re-sentencing hearing:

9

> It would seem to me that given that the plea
> agreement contained an inaccuracy, that that
> would open the door for an appeal, because given
> that inaccuracy–while I agree with [the Assistant
> U.S. Attorney] that it doesn't necessarily make a
> difference if you interpret the statute the way he
> has, and the way some of those Ninth Circuit
> cases do, it still is an issue which means that the
> plea agreement was not totally accurate, and it is
> an interesting issue, and it could be the case
> to–you know...it has a lot of aspects that make it
> a case that's worthy of appeal, I think.

[ER, 67].

Thus, it is clear that the indictment and plea agreement contain materially

false assertions as to the type of drug actually possessed and that the defendant was

unaware of this error at the time of signing and entry of the plea agreement.  Under

these unique circumstances, where the defendant was unaware of the misidentification

of drug type at the time of his plea and waiver, it would be unfair to deny him appellate

review of his sentence.

Therefore, based upon all the above, this Court should grant appellate

review of Mascoto's sentence and determine whether the sentence was imposed in

violation of law as contemplated by 18 U.S.C. section 3742 (a) (1).

II.    **THE DISTRICT COURT ERRED IN FINDING THAT THE STATUTES REQUIRED IMPOSITION OF A 10 YEAR MINIMUM SENTENCE OF IMPRISONMENT WHERE THE DEFENDANT POSSESSED A MIXTURE OR SUBSTANCE CONTAINING METHAMPHETAMINE AS OPPOSED TO "CRYSTAL METHAMPHETAMINE-ICE" AS ALLEGED IN THE INDICTMENT.**

A.    **Standard of Review.**

The district court's interpretation of a statute is a question of law reviewed de novo.  United States v. Miguel, 111 F.3d 666, 669 (9th Cir. 1997).

The district court's legal interpretation of the sentencing guidelines is reviewed de novo.  United States v. Thickstun, 110 F.3d 1394, 1400 (9th Cir. 1997), *cert. den.*, 522 U.S. 917, 118 S.Ct. 305 (1997).

B.    **Discussion**

In the present case, Mascoto plead guilty to a single count indictment pursuant to a written plea agreement.  The indictment alleged possession with intent to distribute "a quantity of crystal methamphetamine - 'ice' in excess of 50 grams ...in violation of Title 21, United States Code , Section 841 (a) (1).".  [ER, 1].  The written plea agreement also referred to the drug type as crystal methamphetamine , "ice".  [ER, 4].  Unbeknownst to Mascoto at the time of entering his plea, both the indictment

11

and the written plea agreement misidentified the drug type possessed as crystal methamphetamine-"ice". Subsequent to Mascoto's plea, chemical testing conducted by the DEA Western regional laboratory revealed that the substance possessed by Mascoto was not "ice" but instead 231.7 grams of a mixture containing 72% d-methamphetamine hydrochloride. [ER, 23-24].[4]

Prior to Mascoto's re-sentencing hearing, the defense objected to imposition of a statutory mandatory minimum 10-year sentence of imprisonment on the grounds that Mascoto did not possess in excess of 50 grams of "crystal methamphetamine-ice" as alleged in the indictment. [ER, 17-21]. The defense argued instead for at most, a statutory minimum mandatory sentence of 5-years imprisonment. [ER, 17, 20].

The distinction between methamphetamine type is significant in determining the statutory minimum sentence because possession of "50 grams or more of methamphetamine...or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine" triggers the mandatory minimum 10-year

_____

[4]The term "crystal methamphetamine-ice" is not defined in Title 21, however the term "ice" is defined in the sentencing guidelines as "a mixture or substance containing d-methamphetamine hydrochloride of at least 80% purity.". (U.S.S.G. section 2D1.1 (c), note (C)).

prison sentence provided for at 21 U.S.C. Section 841 (b)(1)(A)(viii), whereas 21 U.S.C. Section 841 (b)(1)(B)(viii) requires imposition of only a 5-year mandatory minimum prison sentence for possession of "5 grams or more of methamphetamine or 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine". Thus, Mascoto urged the district court to find that his possession of 231.7 grams of a mixture containing 72% d-methamphetamine was clearly within the 50-500 grams contemplated by Congress in drafting Section 841 (b)(1)(B)(viii) and providing for a minimum sentence of 5-years imprisonment as opposed to 166.8 grams of pure methamphetamine as suggested by the presentence report. (See PSR, paragraphs 12, 18) which would require a 10-year minimum term under Section 841 (b)(1)(A)(viii).

Moreover, although the Sentencing Guidelines specifically permit the conversion of an impure mixture of methamphetamine into pure methamphetamine for determining the offense level, (See U.S.S.G. Section 2D1.1(c)), footnote B and PSR, paragraph 18), 21 U.S.C. Section 841 does not explicitly authorize converting impure mixtures into pure methamphetamine. In making this argument, however, Mascoto notes that certain published cases in the Ninth Circuit have rejected similar arguments made by defendants in the past. See United States v. Alfeche, 942 F.2d 697, 698-99

13

(9th Cir. 1991)(119.6 grams of pure methamphetamine contained within 121.9 grams of mixture satisfied the former 100 gram limit for 10 year mandatory minimum sentence); United States v. Asuncion, 973 F.2d 769, 773 (9th Cir. 1992)("pure" methamphetamine may be extracted from a methamphetamine mixture for mandatory minimum sentence determination); and, United States v. Rusher, 966 F.2d 868, 879 (4th Cir. 1992), *cert. den.*, 506 U.S. 926, 113 S.Ct. 351 (1992)(former 10 gram limit for methamphetamine was satisfied by possession of 72 grams of 86% pure methamphetamine). Counsel for Defendant-Appellant Mascoto nevertheless urges this Court to reject the practice of converting impure mixtures of methamphetamine into pure methamphetamine for statutory mandatory minimum determinations because despite litigation of this issue in the courts for more than a decade, Congress has chosen not to amend the statutes to explicitly provide for conversion of methamphetamine mixtures into pure methamphetamine. In presenting this issue for appeal, Mascoto's counsel has a duty to act as an advocate and "support his client's appeal to the best of his ability". Anders v. California, 386 U.S. 738, 744, *reh'g denied*, 388 U.S. 924, 87 S.Ct. 1396 (1967)(court appointed counsel acts as an advocate which "requires that he support his client's appeal to the best of his ability.").

14

Defendant-Appellant further submits that the practice of converting of impure mixtures of methamphetamine into pure methamphetamine for statutory mandatory minimum sentence determinations is not frivolous as that term is used in Anders v. California, 386 U.S. 738, *reh'g denied*, 388 U.S. 924, 87 S.Ct. 1396 (1967) and requests that this Court reconsider the issue in light of Congress' inaction.

Additionally, although the district court rejected Mascoto's objections to the imposition of a 10-year minimum sentence, it expressed its view that the issue may be worthy of appellate review, especially given the inaccurate references to drug type in the present case:

> It would seem to me that given that the plea agreement contained an inaccuracy, that that would open the door for an appeal, because given that inaccuracy–while I agree with [the government] that it doesn't necessarily make a difference if you interpret the statute the way he has, and the way some of those Ninth Circuit cases do, it still is an issue which means that the plea agreement was not totally accurate, and it is an interesting issue, and it could be the case to–you know...it has a lot of aspects that make it a case that's worthy of appeal, I think.

[ER, 67].

Therefore, for all the above-stated reasons, Mascoto respectfully requests that this Court vacate his 10-year sentence of imprisonment and remand his case back

15

to the district court with instructions to impose a sentence requiring only a 5-year minimum prison sentence under 21 U.S.C. Section 841 (b)(1)(B)(viii).

## CONCLUSION

For all the above-stated reasons, this Court should find that Mascoto did not knowingly waive his right to appeal his sentence, vacate the 10-year sentence of imprisonment and remand this case back to the district court with instructions to impose a sentence requiring only a 5-year minimum prison sentence under 21 U.S.C. Section 841 (b)(1)(B)(viii).

DATED:   Honolulu, Hawaii, April 28, 2004.

RUSTAM A. BARBEE
Attorney for Defendant-Appellant
RUSSELL GORDON MASCOTO

16

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief is proportionately spaced in 14-point Times New Roman typeface. It contains 3,152 words, with an average of less than 280 words per page.

DATED:  Honolulu, Hawaii, April 28, 2004.

RUSTAM A. BARBEE
Attorney for Defendant-Appellant
RUSSELL GORDON MASCOTO

## STATEMENT OF RELATED CASES

Counsel is unaware of any cases related to this matter presently pending

before this Court.


DATED:  Honolulu, Hawaii, April 28, 2004.


RUSTAM A. BARBEE
Attorney for Defendant-Appellant
RUSSELL GORDON MASCOTO

## CERTIFICATE OF SERVICE

I, RUSTAM A. BARBEE, hereby certify that a true and exact copy

of the foregoing document was duly mailed and/or hand-delivered to the

following on April 28, 2004:

THOMAS MUEHLECK, ESQ.
Assistant United States Attorney
PJKK Federal Building
300 Ala Moana Boulevard, Room 6-100
Honolulu, Hawaii   96850

*Attorney for Plaintiff-Appellee*
*UNITED STATES OF AMERICA*

DATED:  Honolulu, Hawaii, April 28, 2004.

_____
RUSTAM A. BARBEE
Attorney for Defendant-Appellant
RUSSELL GORDON MASCOTO